48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, ex rel. Bies BRANCH, Petitioner-Appellant,
v.
Salvador GODINEZ, Respondent-Appellee.
 No. 93-2589.
 United States Court of Appeals, Seventh Circuit.
 March 3, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Bies Branch was found guilty of murdering his wife. He appeals from the district court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. Sec. 2254, and argues that the evidence was insufficient to find him guilty, and that the prosecution improperly commented on Bies' failure to testify.
 
 
 2
 We will not grant habeas relief for insufficiency of evidence unless, viewing the evidence in a light most favorable to the prosecution, we find that no rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). We presume as true the facts found by the state court. Summer v. Mata, 449 U.S. 539, 597 (1981); 28 U.S.C. Sec. 2254(d). We draw the facts, therefore, from the Illinois Appellate Court unpublished opinion. People v. Branch, No. 2-89-0723 (Ill.App. Jan. 30, 1991), leave to appeal denied, No. 71607 (Ill. June 5, 1991).
 
 
 3
 The victim, petitioner's estranged wife, died of manual strangulation, with the time of death estimated between midnight and 3:00 a.m. Petitioner admitted to the police that at 3:00 a.m. he went to the victim's home after spending several hours drinking and smoking marijuana. Neighbors testified at trial that they heard a car sounding like petitioner's arrive at about 3:00 a.m. The neighbors then heard two people in the victim's home arguing for 10 of 15 minutes. They next heard the victim screaming, a thump, and a baby crying. There was no evidence to support petitioner's story to the police that when he arrived he discovered his wife's body in the bathroom, blood on the living room floor, and two VCR's missing. There was no evidence of a burglary or of anyone else's presence; the victim's sister testified that nothing was missing from the home. We hold that the evidence was sufficient to support petitioner's conviction.
 
 
 4
 Petitioner also contends that the prosecution improperly commented on his failure to testify. It is a violation of defendant's Fifth Amendment rights to comment directly on his failure to testify. Griffin v. California, 380 U.S. 609 (1965). The only "comment" occurred during voir dire, when the prosecution asked potential jurors whether they understood that a defendant does not have to testify and that the State could not call him as a witness. This has never been characterized as the prosecution's using a defendant's silence as evidence against him. See United States v. Sblendorio, 830 F.2d 1382, 1391 (7th Cir.1987).
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 6
 ---------------
 
 
 
 1 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record.